Yongmoon Kim
Email: ykim@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSEPHINE F. TAILOR, *on behalf of herself and those similarly situated,*<br><br>                Plaintiff,<br><br>        vs.<br><br>UNIFUND CCR, LLC;<br>GLOBAL CREDIT & COLLECTION CORP.;<br>DISTRESSED ASSET PORTFOLIO III, LLC;<br>PILOT RECEIVABLES MANAGEMENT, LLC;<br>and JOHN DOES 1 to 10,<br><br>                Defendants. | **CLASS ACTION COMPLAINT** |

Plaintiff, Josephine F. Tailor, by way of Class Action Complaint against Defendants, Unifund CCR, LLC; Global Credit & Collection Corp.; Distressed Asset Portfolio III, LLC; Pilot Receivables Management, LLC; and John Does 1 to 10 states:

### I.      NATURE OF THE ACTION

1.      This class action for statutory damages arises from the Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2.      As described more fully below, Defendants violated the FDCPA against Plaintiff and other New Jersey consumers by failing to state the amount of the debt, and by attempting to collect consumer debts on behalf of debt buyers operating in the State of New Jersey as a consumer lender or sales finance company without a license to do so under the New Jersey

Consumer Finance Licensing Act, N.J. Stat. Ann. § 17:11C-3, thereby attempting to collect amounts not permitted by law.

## II.     JURISDICTION AND VENUE

3.     This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4.     Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

## III.    PARTIES

5.     Plaintiff Josephine F. Tailor ("Plaintiff" or "Tailor") is a natural person residing in Bergen County, New Jersey.

6.     Defendant Unifund CCR, LLC ("Unifund") is a foreign limited liability company with its principal place of business located at 10625 Techwoods Circle, Cincinnati, Ohio 45242.

7.     Defendant Global Credit & Collection Corp. ("Global") is a foreign corporation with its principal place of business located at 5440 North Cumberland Avenue, Suite 300, Chicago, Illinois 60656.

8.     Defendant Distressed Asset Portfolio III, LLC ("Distressed") is a foreign limited liability company with its principal place of business located at 10625 Techwoods Circle, Cincinnati, Ohio 45242.

9.     Defendant Pilot Receivables Management, LLC ("Pilot") is a foreign limited liability company with its principal place of business located at 10625 Techwoods Circle, Cincinnati, Ohio 45242.

10.    The Plaintiff is informed and believes, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located

within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

11. In this pleading, "Defendants" in the plural refers to all Defendants.

### IV. FACTS

**A. Background**

12. Defendants are not in the business of extending credit, selling goods or services to consumers.

13. Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

14. The principal purpose of Defendants is the collection of debts.

15. When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

16. Defendants have asserted that Plaintiff incurred or owed a certain financial obligation originating from First National Bank of Omaha ("Debt" or "Account").

17. The Debt arose from one or more transactions which was primarily for the Plaintiff's personal, family, or household purposes.

18. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

19. Defendants contend that the Account was past-due and in default.

20. The Account was past-due and in default when it allegedly was purchased by Pilot for pennies on the dollar.

21. The Account was past-due and in default when it allegedly was purchased by Distressed for pennies on the dollar.

22. The Account was past-due and in default when it was placed with or assigned to Unifund for collection.

23. The Account was past-due and in default when it was placed with or assigned to Global for collection.

24. Upon information and belief, Unifund directs the collection activity complained of herein even though it was undertaken on behalf of Distressed and Pilot.

25. At all times relevant hereto, the acts and omissions of Unifund and Global were at the direction of Distressed, or incidental to or taken within the scope of the responsibilities given and authorized by Distressed.

26. Defendants are debt collectors.

**B. Unlawful Collection and Other Violations**

27. In an attempt to collect the consumer debt allegedly owed by Plaintiff, Defendants mailed a collection letter to Plaintiff on October 3, 2017, and November 20, 2017 (the "Letters"). A true but redacted copy of the Letters are attached as ***Exhibit A***.

28. Plaintiff received and reviewed the Letters.

29. The Letters identify Distressed Asset Portfolio III, LLC, as the current creditor to whom the Debt is owed.

30. At the time the Letters were sent, Distressed, was not licensed as a consumer lender or sales finance company by the New Jersey Department of Banking and Insurance as

required by the New Jersey Consumer Finance Licensing Act ("NJCFLA") or any other State consumer lending statute.[1]

31. At the time Pilot alleged purchased Plaintiff's Account, Pilot was not licensed as a consumer lender or sales finance company by the New Jersey Department of Banking and Insurance as required by the NJCFLA or any other State consumer lending statute.

32. "Any person directly or indirectly engaging . . . in the business of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amounts of $50,000 or less, shall be deemed to be engaging in the consumer loan business."[2]

33. "No person shall engage in business as a consumer lender or sales finance company without first obtaining a license or licenses under this act."[3]

34. Neither Pilot nor Distressed are permitted to engage in the "consumer loan business" or as a "sales finance company" since they did not first obtain a license pursuant to the NJCFLA.[4]

35. Accordingly, "attempt[s] to collect Plaintiff's alleged debt on behalf of [Pilot or Distressed], who was not licensed as a consumer lender under the NJCFLA, constitutes prohibited conduct under the NJCFLA."[5]

---

[1] *See also* N.J. Stat. Ann. § 17:11C-1 *et seq*.
[2] N.J. Stat. Ann. § 17:11C-2.
[3] N.J. Stat. Ann. § 17:11C-3 (emphasis added).
[4] *See* N.J. Stat. Ann. § 17:11C-2 to -3.
[5] *Veras v. LVNV Funding, LLC*, No. 13-1745 (RBK/JS), 2014 U.S. Dist. LEXIS 34176, at *19 (D.N.J. Mar. 17, 2014) ("Plaintiff's allegation that Defendants attempted to collect Plaintiff's debt in contravention of the NJCFLA is sufficient to at least support his claim under section 1692e(10), that Defendants used a false representation or deceptive means to collect or attempt to collect Plaintiff's debt."); *see also Latteri v. Mayer*, No. 17-13707 (JLL), 2018 U.S. Dist. LEXIS 85926 (D.N.J. May 22, 2018) (same); *Lopez v. Law Offices of Faloni & Associates, LLC*, No. 16-cv-01117-SDW-SCM, 2016 U.S. Dist. LEXIS 124730, *11-12 (D.N.J. Sept. 14, 2016)

36. Further, Defendants also failed to state the amount of the debt.

37. The least sophisticated consumer would reasonably presume and understand that a credit card account would, if not paid in full every month, accrues interest and may accrue late charges and other charges and fees. Thus, the least sophisticated consumer would believe (a) the balance was merely the "current balance" as of the date of the respective collection letter, and (b) the implication that the amount due could or would increase if not promptly paid.

38. In fact, however, the balance of the Account could not increase and, even if it could increase, Distressed never intended to add, would not add, and did not add any lawful interest, late charges, or other fees and charges to increase the balance stated in the Letters.

39. The collection letters could have accurately stated the amount of the debt by stating "The amount due is $ [the exact amount due]." or "The amount of the debt is $ [the exact amount due]." By qualifying the amount due was the "current balance" or failing to clearly state the balance of the Debt, however, Defendants failed to accurately state the amount of the Debt, and falsely, deceptively, and misleadingly represented to the least sophisticated consumer that the amount owed to the creditor would or could increase over time—indeed, that the amount owed had already changed by the time the collection letter was received days later.

40. Defendants' collection letters effect of leading a consumer to conclude that the amount due is not static but, instead, could increase, materially affects the decision of the least sophisticated consumer whether to pay the debt because, with limited resources and the inability to pay all debts, such a consumer would rationally pay a debt with a balance that was increasing due to interest before paying an otherwise identical debt with a static balance.

---

("a debt collector's representation in a collection complaint that it had the right to collect a debt when, in fact, it lacked the license required to initially purchase the debt, would violate, at minimum, FDCPA section e(10).")

## V. CLASS ACTION ALLEGATIONS

41. This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of herself and others similarly situated. Subject to discovery and further investigation which may cause Plaintiff to narrow, expand or otherwise modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a Class, Subclass A and Subclass B initially defined as follows:

> **Class**: All natural persons with an address in the State of New Jersey against whom, beginning October 2, 2017, through and including the final resolution of this case, Distressed Asset Portfolio III, LLC, attempted to collect a debt.
>
> **Subclass A**: All natural persons to whom a letter from Unifund CCR, LLC, was sent to a New Jersey address on or after October 2, 2017, in an attempt to collect a debt on behalf of Distressed Asset Portfolio III, LLC.
>
> **Subclass B**: All natural persons to whom a letter from Global Credit & Collection Corp. was sent to a New Jersey address on or after October 2, 2017, in an attempt to collect a debt on behalf of Distressed Asset Portfolio III, LLC.

42. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

43. The Class, Subclass A and Subclass B for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

44. There are questions of law and fact common to the members of the Class, Subclass A and Subclass B that predominate over questions affecting only individuals, including but not limited to:

> A. Whether Defendants are a debt collector under the FDCPA;
>
> B. Whether Defendants violated the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B),

1692e(5), 1692e(8), 1692e(9), 1692e(10), 1692f, 1692f(1), 1692g, and 1692g(a)(1);

    C.    Whether Plaintiff and the Class, Subclass A and Subclass B are entitled to damages.

45. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class, Subclass A and Subclass B and will foster economies of time, effort and expense.

46. The claims of the Plaintiff are typical of the claims of the members of the Class, Subclass A and Subclass B.

47. The questions of law and/or fact common to the members of the Class, Subclass A and Subclass B predominate over any questions affecting only individual members.

48. Plaintiff does not have interests antagonistic to those of the Class, Subclass A and Subclass B.

49. The Class, Subclass A and Subclass B, of which Plaintiff is a member, is readily identifiable.

50. Plaintiff will fairly and adequately protect the interests of the Class, Subclass A and Subclass B, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

51. The prosecution of separate actions by individual members of the Class, Subclass A and Subclass B would run the risk of inconsistent or varying adjudications, which would

establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

52. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VI. VIOLATIONS OF THE FDCPA

53. Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

54. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

55. The Debt is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

56. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

57. Defendants are not "creditors" as defined by 15 U.S.C. § 1692a(4).

58. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

59. By attempting to collect consumer debts on behalf of debt buyers not licensed under the NJCFLA, and by sending the collection letters to Plaintiff in attempts to collect the Debt, Defendants violated the FDCPA (including, but not limited to, 15 U.S.C. §§ 1692e (including subsections 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(8), 1692e(9), and 1692e(10)), 1692f (including subsection 1692f(1)), and 1692g (including subsection 1692g(a)(1)).

60. The violations of the FDCPA described herein constitute *per se* violations.

61.  Based on any one or more of those violations, Defendants are liable to Plaintiff for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Josephine F. Tailor demands judgment against Defendants Unifund CCR, LLC; Global Credit & Collection Corp.; Distressed Asset Portfolio III, LLC; and Pilot Receivables Management, LLC as follows:

A.  For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the Class, Subclass A and Subclass B, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B.  For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C.  For statutory damages in favor of the Class, Subclass A and Subclass B, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D.  For actual damages in favor of Plaintiff and the Class, Subclass A and Subclass B, pursuant to 15 U.S.C. § 1692k(a)(1);

E.  For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F.  For pre-judgment and post-judgment interest; and

G.  For such other and further relief as the Court deems equitable and just.

## VIII.  JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX.  CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

|  |  |
|---|---|
|  | K<small>IM</small> L<small>AW</small> F<small>IRM</small> LLC |
| Dated: October 2, 2018 | *s/ Yongmoon Kim*<br>Yongmoon Kim<br>*Attorneys for Plaintiff and the Proposed Class* |